## LOCKE v STATE

Ohio Appeals, 4th Dist, Scioto Co

Decided August 30, 1929

Messrs. Blair & Ball and Geo. W. Sheppard, Portsmouth, for Locke.

Mr. Dustin W. Gustin, Portsmouth, for State.

**MAUCK, J.**

We would not reverse the case as being opposed to the weight of the testimony. There is no question that Locke shot Mrs. Galloway and that she died as the result thereof. The jury tried out the question of the defendant's mental competency and we would not disturb its finding in that behalf. There was no apparent motive for the killing and the testimony tending to show premeditation is very meager, but as there was some competent testimony from which the jury might have found premeditation and deliberation the conclusion of the jury will not be disturbed as against the weight of the evidence.

As before indicated, the state called the defendant's wife to the stand and examined her fully. At the time of the shooting there was no one present except Locke, Mrs. Galloway and Mrs. Locke. Mrs. Locke testified to the shooting by her husband and, except as to a claimed admission, to whatever facts there were to establish premeditation on the part of the defendant. Her importance as a witness, therefore, can not be questioned.

There were at common law two important rules relating to the testimony of husband and wife. **Jones on Evidence, Section 2128.** The first of these rules was that as no one could testify in a case to which he was a party, and as husband and wife were one in law, so the husband or wife was incompetent to testify in a case in which the other spouse was a party. This rule made the wife absolutely incompetent to testify for or against her husband, and the rule was so absolute that in most jurisdictions it was held that the incompetency could not be waived. The second rule was of a different character. It did not rest upon any fiction of the unity of husband and wife but had as its basis sound public policy. It was that neither spouse should testify in regard to any confidential communications between husband and wife. This rule was designed to encourage marital confidences and tho the marriage relation was thereafter dissolved a confidence imparted during marriage could not be violated after the marital relation terminated. The first rule made the husband or wife wholly incompetent to testify in certain cases. The second rule made it incompetent for husband or wife to testify to certain particular things in such cases as they were competent witnesses. The first rule ceased to operate as soon as the marriage ceased to exist. The second rule continued to operate regardless of the continuance of the marriage. The first rule governed the power to testify and made the witness incompetent. The second rule conferred a privilege and made the evidence incompetent. Neither of these common law rules prevail in this state in their entirety, but they do prevail except so far as they have been supplanted by statute. So far as criminal law is concerned the legislature has undertaken to change both rules by the provisions of **13659 GC.**

This is as far as the legislature had gone in making the wife a competent witness against her husband at the time of this trial, and it is consequently apparent that the first of the common law rules above mentioned had not been sufficiently modified as to make a wife a competent witness for the state in the prosecution of her husband for any offense except those mentioned.

In the trial of this case these two common law rules and their statutory modification were confused. Counsel for the accused urged that the act of Locke in shooting could not be testified to by Mrs. Locke because no third person was present. This objection was untenable. Mrs. Galloway was present and her subsequent death did not change the fact that her presence robbed the act of any confidential character. The record is obscure but there appears to be but one incident or conver-

sation to which Mrs. Locke testified over objection that was not in the known presence of a third person, and that was a conversation in the kitchen in the absence of Mrs. Galloway. The objection to this conversation would have been well taken if Mrs. Locke had been a competent witness. Mrs. Locke was, however, incompetent and her employment as a witness fatal unless waived by the accused. While at common law an absolutely incompetent person could not by agreement or waiver be converted into a competent one that rule no longer obtains. The spouse is no longer absolutely incompetent. Husband or wife may testify for each other and this partial competency makes it possible for the accused to waive the competency of such witness when called by the state.

The most serious question in this case is whether Locke did waive the use of his wife as a witness against him. Manifestly the proper time to object to the use of an incompetent witness is when the witness is called to the stand or as soon thereafter as the disqualification appears. In this case Mrs. Locke was sworn without objection and her examination proceeded to some length. She testified to her marriage to the accused and to many facts and incidents prior to and leading up to the shooting, all without objection. When, however, the state first connected the accused with the shooting an objection was interposed on the ground that she was incompetent. While this objection came surprisingly late, and while, as pointed out, the subsequent objections were predicated, not upon her incompetency, as they should have been, but upon the ground that they violated the second rule above mentioned, namely, that they were privileged because not commited in the known presence of another, we conclude nevertheless that the one objection was made early enough and clearly enough to protect and save the rights of the accused in the premises and that it was error to proceed with the examination of Mrs. Locke after the first challenge of her competency was made. **State v. Orth, 79 OS. 130.**

For error in the admission of evidence the judgment is reversed and the case remanded for new trial.

. Middleton, PJ, and Allread, J, concur.