THE STATE OF OHIO, APPELLEE, *v*. SAVAGE, APPELLANT.

[Cite as State *v*. Savage (1987), 30 Ohio St. 3d 1.]

(No. 85-46—Decided April 1, 1987.)

C. *Keith Plummer,* prosecuting attorney, for appellee.
*Leyshon & Leyshon* and *Frank K. Leyshon,* for appellant.

HOLMES, J.  It is a well-known rule that a spouse may not testify against the other spouse at a criminal trial. Evid. R. 501 provides for application of statutorily defined privileges, one of which is the privilege to exclude communications or acts made by a husband or wife in the other's presence. R.C. 2317.02(D). The privilege is held by the non-testifying spouse and may be applied to bar testimony of such communications or acts so long as they were not made "in the known presence" of another. In addition, Evid. R. 601 provides: "Every person is competent to be a witness except: * * * (B) A spouse testifying against the other spouse charged with crimes except crimes against the testifying spouse or the children of either * * *." The above rules are basically reiterated in R.C. 2945.42, not here at issue.

The prosecution does not contend that Mrs. Savage should have been allowed to testify at trial. Instead, it is argued that the pretrial testimony, including the cross-examination afforded to defense counsel, was fully admissible at trial because defense counsel failed to object, and thereby waived appellant's rights to assert either the privilege or competency issues, citing *Choteau* v. *Thompson* (1854), 3 Ohio St. 424. Further, it is asserted that Evid. R. 804(B) contemplates this very situation in providing that former testimony, otherwise hearsay, may be allowed if the declarant has been made unavailable for trial. Evid. R. 804(A)(1) states that a witness is unavailable if he "is exempted by ruling of the court on the ground of privilege from testifying * * *." Great reliance is then placed

upon the Staff Notes which specifically provide that an assertion of the husband-wife privilege triggers the application of Rule 804(B)(1). This would then allow into evidence former testimony of the witness, so long as the right of confrontation and indicia of reliability were present in the record.

The trial court felt that the objection "to the live testimony of Defendant's wife on the basis of Rule 601(B), [would] * * * render the wife unavailable as a witness, thereby permitting the transcript of the wife's testimony taken at the Preliminary Hearing * * *." The court of appeals agreed with this reasoning, thereupon adding that, in its view, a "witness who is incompetent to testify is obviously a witness who has no privilege to give testimony."

Having set forth the arguments of appellee, we now consider them, beginning with the foundational assertion that failure to object at the pretrial hearing operated as a waiver to object at trial. The syllabus of the relied-upon case states:

"A waiver of objection to the competency of a witness so as to allow his deposition to be taken in a cause, is a waiver during the whole progress of the cause, and the objection cannot be insisted on when the witness is called to give a second deposition in the same cause." *Choteau, supra,* paragraph two of the syllabus.

In that case, one of the party defendants, William H. Campbell, was deposed by the court-appointed master, without objection by the other party defendants. The rules of evidence then prevailing in Ohio were that such persons who were parties or who had an interest in the outcome of the litigation were incompetent and could not be called by the adverse party. After the Act of March 1850, those in whose favor the rule was said to operate could waive its effect by themselves calling such witness, thus allowing effective cross-examination by the adverse party. A failure to object when such witness was called also operated to waive the competency issue since the court was under no duty to inquire. See, *e.g.,* 42 Ohio Jurisprudence (1936), Witnesses, Sections 146-161; *Legg* v. *Drake* (1853), 1 Ohio St. 286; *Tolman* v. *Hefflefinger* (1851), 1 Ohio Dec. Rep. 404; *Hall* v. *Crain* (1860), 2 Ohio Dec. Rep. 453. See, also, Cunningham, Ohio Decisions on Evidence (1895) 291-298; Metzler, Trial Evidence (1920), Sections 272 and 293. That this was precisely the situation confronting the court in *Choteau* is made clear by the court's treatment at 428.

By way of contrast, the admission of spousal testimony was then governed by the separate rules of competency and privilege, as it is at the present time. It was accepted that the spousal privilege for communications or acts was in addition to the bar established by incompetency based upon coverture and was added to further protect the marital institution. The two were and are separate, independent rules of exclusion. See Cunningham and Metzler, *supra.* Mere failure to object at trial was considered sufficient acquiescence of counsel to constitute a waiver of the

privilege for spousal communications or acts. *Ruch* v. *State* (1924), 111 Ohio St. 580, 146 N.E. 67; 42 Ohio Jurisprudence (1936), Witnesses, Section 240. On the other hand, spousal incompetency received different treatment, not based upon privilege, but upon a rule of absolute incompetency which could not be waived by failure of the defendant spouse to object. *Locke* v. *State* (1929), 33 Ohio App. 445, 7 Ohio Law Abs. 653, 169 N.E. 833; *State* v. *Bates* (1906), 4 Ohio N.P. (N.S.) 502, 17 Ohio Dec. 301, reversed on other grounds (1906), 9 Ohio C.C. (N.S.) 273, 19 Ohio C.D. 189, 29 Ohio C.C. 189, affirmed without opinion (1907), 77 Ohio St. 622, 84 N.E. 1132. See, also, 42 Ohio Jurisprudence (1936), Witnesses, Section 216. Only when the defendant called his spouse to the stand, then presumably to elicit testimony in his favor, was the testifying spouse's incompetency waived, and cross-examination allowed. *Haberty* v. *State* (1894), 8 Ohio C.C. 262; Cunningham, *supra,* at 336; 42 Ohio Jurisprudence (1936), Witnesses, Section 231; see, generally, Hanna, Ohio Trial Evidence (1931), Sections 975-976; Metzler, *supra,* at Sections 269-270; Whittaker, Ohio Code of Evidence (1896), Section 205.

The foregoing discussion not only demonstrates the inapplicability of *Choteau* v. *Thompson, supra,* to the case before us, but also demonstrates that the law providing for such incompetency and privilege has not been significantly changed since that time by either the General Assembly or the courts. See, *e.g., State* v. *Rahman* (1986), 23 Ohio St. 3d 146, 147-149, 23 OBR 315, 316-318, 492 N.E. 2d 401, 404-405 (Holmes, J., dissenting on other grounds). Furthermore, there are significant differences between a rule granting a particular privilege and one which defines a class of witnesses as incompetent. Of course, some misunderstanding has been created by the use of the term "incompetent" in its more general sense to describe any testimony which is disallowed, whether because of an asserted privilege or for other evidentiary reasons. Nevertheless, privileges are generally asserted to block the introduction of *testimony* on particular *subjects* which yet allows the witness to give unimpeded testimony on other subjects. However, a rule of incompetency defines which *witness* may not offer testimony and then sets forth limited exceptions for when witnesses may be heard.

Having demonstrated the uniqueness of the two rules, it becomes apparent that spousal incompetency is not subsumed within spousal privilege. Consequently, while appellant might have inadvertently waived the Evid. R. 501 privilege by failing to object at the preliminary hearing, supposing such rule to be applicable, he did not waive Evid. R. 601 as to the incompetency of spousal testimony. Moreover, appellant quite properly asserted, by way of pretrial motion, that not only was Mrs. Savage incompetent as a witness, but that the rule applied to the transcript of her pretrial testimony as well. There is nothing about the form of such testimony which would metamorphize it from incompetent to competent evidence.

Turning to the remainder of the argument presented, there can be little doubt that Evid. R. 804(A)(1), which defines "unavailability," is inapplicable herein. The rule most expressly limits itself to situations where the witness "is exempted * * * on the ground of *privilege* from testifying concerning the *subject matter* * * *." (Emphasis added.) Not falling within the ambit of Evid. R. 804(A)(1), the transcript could not have been admitted by way of Evid. R. 804(B)(1), former testimony. It was, therefore, hearsay and should have been excluded.

Accordingly, the judgment of the court of appeals is reversed, and the cause is remanded for retrial.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.