**The STATE of Ohio, Appellee,**

v.

**McWHITE, Appellant.**

[Cite as *State v. McWhite* (1993), 91 Ohio App.3d 508.]

Court of Appeals of Ohio,
Lucas County.

No. L–92–320.

Decided Nov. 5, 1993.

*Anthony G. Pizza,* Lucas County Prosecuting Attorney, and *Dean P. Mandross,* Assistant Prosecuting Attorney, for appellee.

*Julia K. Casey,* for appellant.

MELVIN L. RESNICK, Judge.

This matter is before the court on appeal from the Lucas County Court of Common Pleas.

On August 7, 1988, the bodies of Stephanie Smith and her daughter, six-year-old Nateasha Smith, were found in their Toledo apartment. They had been dead approximately thirty-three hours. Stephanie Smith's three-year-old son James McWhite, Jr. ("Jake") was found alive in the bedroom.

On August 17, 1988, appellant, James C. McWhite, Sr., boyfriend of Stephanie Smith and father of Jake McWhite, Jr., was indicted on two counts of aggravated murder with death specifications, violations of R.C. 2903.01(A), and one count of felonious assault, a violation of R.C. 2903.11(A)(1). Also indicted for the murders was Wesley Ulis, a close friend of appellant. On August 18, 1988, appellant entered not guilty pleas to all counts. The case was scheduled for a jury trial.

Before trial, the judge conducted an in-chambers voir dire examination of Jake McWhite to determine whether he was competent to testify as a witness. The judge determined that he was not competent.

At trial, the state offered the testimony of Dr. Terrence Scully, a clinical psychologist who had been treating Jake McWhite for approximately one year. Over defense objections, Dr. Scully related statements Jake McWhite had made implicating appellant in the murders. Dr. Scully testified that he believed Jake McWhite was telling him the truth about the murders.

The jury found appellant guilty on two counts of complicity to commit murder, violations of R.C. 2903.02, and one count of felonious assault. He was sentenced to a period of incarceration of fifteen years to life on the murder convictions and eight to fifteen years on the felonious assault conviction. Appellant appealed his convictions, arguing, among other issues, that the trial court erred in admitting the hearsay testimony of Dr. Scully.

In a June 14, 1991 decision, this court reversed appellant's convictions and remanded the case to the trial court. This court held that Dr. Scully's testimony was admissible hearsay under Evid.R. 803(4), the hearsay exception for statements made pursuant to medical diagnosis or treatment. However, on the authority of *State v. Boston* (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220, syllabus, we found reversible error in the admission of Dr. Scully's testimony that, in his opinion, Jake McWhite's statements regarding the murders were truthful.

Appellant's case was rescheduled for trial in August 1992. On February 18, 1992, appellant filed a motion to suppress statements from police officers, physicians, psychologists, caseworkers and other witnesses who planned to testify regarding statements made to them by Jake McWhite. Appellant also filed a motion to determine the competency of Jake McWhite. The court denied appellant's motion to suppress.

On September 4, 1992, appellant was found guilty of complicity to the murder of Stephanie Smith. He was sentenced to a period of incarceration of fifteen years to life. Appellant now appeals, setting forth the following assignments of error:

"I. The trial court erred in denying the defendant-appellant's motion to suppress the testimony of Dr. Terrence Scully as the testimony would be hearsay based on the words of an incompetent declarant and not admissible pursuant to any exception to the hearsay rule and would violate the Rules of Evidence, the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution

"II. The verdict is against the manifest weight of the evidence

"III. The trial court erred in denying appellant's requested continuance for counsel to prepare for trial"

In his first assignment of error, appellant once again calls upon this court to consider the unique problem of child declarants and the admissibility of Dr. Scully's testimony.

Clinical psychologist Dr. Terrence Scully testified that he began treating Jake McWhite for behavior and emotional problems in August 1988. Dr. Scully testified that in the course of treatment, Jake McWhite talked about the murders of his mother and sister. Specifically, Jake McWhite stated that "Wes killed my momma with a knife." Jake McWhite also placed appellant at the scene of the murders.

We conclude that the trial court was correct in admitting the testimony on the authority of *State v. Dever* (1992), 64 Ohio St.3d 401, 596 N.E.2d 436, paragraph two of the syllabus, which states:

"A trial court does not abuse its discretion when it admits a child declarant's statements made for the purpose of medical diagnosis or treatment pursuant to Evid.R. 803(4), without first establishing the child declarant's unavailability to testify."

However, the *Dever* court recognized that even if evidence is admissible at trial as a hearsay exception, that evidence may nonetheless be inadmissible because it violates a defendant's constitutional right to confrontation.

*Dever*, following the recent United States Supreme Court case of *White v. Illinois* (1992), 502 U.S. ——, 112 S.Ct. 736, 116 L.Ed.2d 848, held that:

"The admission into evidence of a hearsay statement pursuant to a firmly rooted hearsay exception does not violate a defendant's right of confrontation." *Dever, supra,* at paragraph three of the syllabus.

The declarant in *White* was a four-year-old girl who alleged that the defendant had sexually abused her. The *White* court rationalized that statements admitted under a deeply rooted hearsay exception, such as Evid.R. 803(4), "[are] so trustworthy that adversarial testing can be expected to add little to [their] reliability."

The *Dever* case also involved the sexual abuse of a young child. The *Dever* court followed the *White v. Illinois* holding that the admission into evidence of a hearsay statement pursuant to a firmly rooted hearsay exception does not violate a defendant's right of confrontation. *Dever, supra,* at paragraph three of the syllabus. Ohio has recognized Evid.R. 803(4) as a firmly rooted hearsay exception. *State v. Boston, supra,* 46 Ohio St.3d at 127, 545 N.E.2d at 1238–1239.

This year, the Ohio Supreme Court revisited the issue of hearsay statements of child declarants and their relationship to the Confrontation Clause in *State v. Storch* (1993), 66 Ohio St.3d 280, 612 N.E.2d 305. *Storch* was decided in light of Ohio's newly enacted Evid.R. 807, which created a hearsay exception for child statements in sexual or physical abuse cases. The court construed the United States Supreme Court holding in *White* later followed by *Dever* to be applicable only to a defendant's *federal* constitutional right to confrontation. That right "provides less protection for the accused than the protection provided by the Sixth Amendment as traditionally construed and by the express words of Section 10, Article I of the Ohio Constitution." *Storch*, 66 Ohio St.3d at 291, 612 N.E.2d at 313. The court acknowledged that the applicability of *Dever's* confrontation rights under the Ohio Constitution was an issue not before the *Dever* court. *Id.* The *Storch* court concluded that the right to confrontation contained in Section 10, Article I of the Ohio Constitution requires live testimony where reasonably possible. *Id.*, 66 Ohio St.3d at 293, 612 N.E.2d at 314–315. The court further stated:

"However, circumstances may exist where the evidence clearly indicates that a child may suffer significant emotional harm by being forced to testify in the actual presence of a person he or she is accusing of abuse. In such circumstances, the child may be considered unavailable for purposes of the Rules of Evidence and the out-of-court statements admitted without doing violence to Section 10, Article I * * *." *Id.*

Although the *Storch* court reached this conclusion in relation to Evid.R. 807, a rule we have not applied to the facts of this case, we find the *Storch* holding nonetheless applicable to the facts in this case as the *Storch* court specifically extended its holding to paragraph three of the syllabus in *Dever*. *Id.*, 66 Ohio St.3d at 291, 612 N.E.2d at 313–314.

The *Storch* court noted:

" 'The admission into evidence of a hearsay statement pursuant to a firmly rooted hearsay exception does not violate a defendant's right of confrontation' under the Sixth Amendment as that federal right is defined by the United States Supreme Court. *Dever, supra*, at paragraph three of the syllabus. However, the admission may violate our state constitutional right of confrontation. *The third paragraph of the syllabus in Dever should be construed to that effect.*" (Emphasis ours.)

The *Storch* court reiterated that "the 'lesser' courts of Ohio ignore our words at their peril as to questions of state law." *Id.* In the present case, the trial court entered no finding that Jake McWhite was unavailable as a witness. It is the state's duty to establish the unavailability of a child declarant before the

child's extrajudicial statements can be admitted into evidence. *Storch, supra,* 66 Ohio St.3d at 294, 612 N.E.2d at 315–316, citing *State v. Boston, supra.* This requirement is not satisfied, as we fear the parties have assumed, through a previous finding that Jake McWhite was incompetent to testify in an earlier trial before a different judge. The trial court in the second trial never held a hearing on defendant's motion to determine competency. It should not have been assumed that Jake McWhite was still incompetent after three years had passed from the first trial. Nor must incompetency be assumed for the purpose of a third trial. A witness is not unavailable under the evidence rules when he is ruled incompetent to testify under Evid.R. 601. *State v. Savage* (1987), 30 Ohio St.3d 1, 506 N.E.2d 196. Accordingly, appellant's Sixth Amendment right under Section 10, Article I of the Ohio Constitution was violated.

While we strongly disagree with the analysis and conclusion of the Ohio Supreme Court in *State v. Storch* (1993), 66 Ohio St.3d 280, 612 N.E.2d 305, as to requirements it imposes on the implementation of the Ohio Rules of Evidence through a manufactured interpretation of Section 10, Article I of the Ohio Constitution, that is inconsistent with what is stated in the rules themselves, contrary to its own prior decision, and above and beyond what is required by the Sixth Amendment to the United States Constitution and the United States Supreme Court, we reluctantly agree *Storch* requires this court to reach this result.

Appellant's first assignment of error is found well taken and appellant's second and third assignments of error are rendered moot.

On consideration whereof, the court finds that appellant was prejudiced and prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings not inconsistent with this decision. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

HANDWORK and ABOOD, JJ., concur.