I do not share the majority's reasoning for avoiding the constitutional questions raised by the appellant, or the judgment entered. However, I agree that the constitutional issues raised are moot, not only because Appellant Robinson has not been denied appeal, but also because I believe the trial court's misapplication of Evid.R. 601 was error requiring reversal.
Robinson's second assignment of error is
 Robinson's wife, the State's key witness, was incompetent to testify at trial, because she did not elect to testify against Robinson and Robinson was not charged with a crime that inflicted personal injury upon her or her child; without her unwilling, improperly compelled testimony, the evidence on which to convict Robinson was legally insufficient.
On December 31, 1996, New Year's Eve, Robinson and his fiancée, Bobbi, argued over delay in their plans for the evening and because Appellant permitted a guest to bring a gun into the apartment contrary to Bobbi's rule and without her knowledge. At the conclusion of the argument, while Bobbi was leaving the room in anger, several shots were fired from the room, breaking a window on the opposite side of the apartment. The police were notified later so that an insurance claim could be filed for a repair of the broken window glass.
Robinson was indicted for improperly discharging a firearm at or into a habitation, and for a firearm specification. Although Bobbi did make a statement to the police, she is not a classic complainant in that she did not wish to pursue charges.
Bobbi and Robinson had lived together for approximately three years before the incident and were the parents of a child. On July 7, 1997, they were married. On July 8, 1997, the case was tried to a jury, which returned a verdict of guilty on the improper discharge of a firearm and the firearm specification. Robinson was sentenced and this appeal was timely filed.
At trial, Bobbi declared that she did not want to testify. Although compelled to testify over objection of her counsel, she stated that she did not see her husband fire the shots alleged and that she did not see who did fire them. She also testified that the others had entered the room when the shots were fired. Except for evidence of a broken window and inferences about how it was broken, drawn from Bobbi's testimony and her prior unsworn statement to the police by which the State attempted to impeach her, there is no evidence that any shots were fired by anyone. There is no prior statement by Bobbi that she saw Robinson fire any shots, although when giving her out of court statement, she apparently assumed that he had. There is no report of bullet holes, no shell casings and no gun in evidence. Thus, without the inferences drawn from the attempted impeachment of Bobbi's testimony the record discloses no evidence of commission by Robinson of the offense charged. Therefore, for the reasons which follow, I believe the trial court erred to Robinson's prejudice by compelling his wife to testify against him despite her election on the record not to do so.
Evid.R. 601 states in pertinent part:
Every person is competent to be a witness except:
 * * *
 (B) A spouse testifying against the other spouse charged with a crime except when either of the following applies:
 (1) A crime against the spouse or a child of either spouse is charged.
 (2) The testifying spouse elects to testify.
In this case, Bobbi stated that she did not want to testify. "[U]nder Evid.R. 601 (B), a spouse remains incompetent to testify until she makes a deliberate choice to testify, with knowledge of her right to refuse." State v. Adamson (1995),72 Ohio St.3d 431, 434, 650 N.E.2d 875, 879. The only other exception to the general rule that a spouse is not competent to testify against the other spouse is if the crime charged was committed against Bobbi or their daughter. Neither Bobbi nor her daughter were identified as victims in either a police report or in the indictment. See R.C. 2930.01(H). The trial court found Bobbi to be a victim solely because she was the lessee of the property damaged during the crime. The statute however requires the spouse or child to be named in order to be considered a victim of the crime. That is not the case here. Here, no claims of domestic abuse or any other personal injury were filed. Instead, the trial court found that Bobbi was the victim of the property damage because she would be liable for the damages. However, the owner of the property is the real victim of the property damage and could choose to pursue Appellant in a civil matter for restitution for the damages.
This court has addressed the exception provided to the Evid.R. 601(B) in two prior cases. In State v. Ellis (1992),83 Ohio App.3d 362, 614 N.E.2d 1126, the defendant was charged with a theft that he committed with his girlfriend who later became his wife. At the time of the theft, the wife was a minor. Therefore, the defendant was also charged with contributing to the delinquency of a minor, with the minor being his future spouse. This court held that the State could compel the wife to testify because the theft crime was the same transaction as the crime against her, i.e. the contributing charge.
The second case in which this issue was raised is State v.Green (Dec. 21, 1992), Marion App. No. 9-92-18, unreported. InGreen, the defendant was charged with sexually abusing his stepdaughter. This court found that since the defendant was charged with a crime against his wife's daughter, the wife could be compelled to testify under Evid.R. 601(B)(1).
In both of the prior cases, the crime charged was one in which either the spouse or a child of the spouse was a clear victim. Exceptions to rules should be narrowly construed. To do otherwise would defeat the purpose of the rule and the exception would become the rule. The rule states that a spouse is incompetent to testify. The exception is that the spouse may be deemed competent if she either agrees to testify or if the crime charged was one against her or the child of either spouse.
In this case, the crime charged was the improper discharge of a firearm at or into a habitation in violation of R.C.2923.161. This crime is classified as a weapons offense, in the same category as improperly handling firearms in a motor vehicle (R.C. 2923.16) or unlawful possession of a dangerous ordnance (R.C. 2923.17). These are all crimes that aremalum prohibitum in that the acts are made wrong solely because of the existence of a statute for the public welfare, not because they are inherently evil. Barron's Law Dictionary (3 Ed. 1991) 288. This crime is not one in which a victim is required. The victim is society as a whole. To extend the exception to Evid.R. 601(B) to this charge requires a broad construction of the rule and would expand the exception to such a degree that the rule would have little, if any, value. Thus, the rule does not include crimes against society when it says a crime against the spouse or their child. Therefore, in my opinion, Bobbi, incompetent as a witness for this purpose, should not have been compelled to testify against her husband.
The State also argues that the spousal exception to competency should not apply in this case and asserts that Robinson and Bobbi's marriage is fraudulent. This claim is based upon the fact that the two were married the day before the trial.
Robinson and Bobbi had lived together for some years, were engaged, and were raising their child at the time of the incident. The evidence shows that Robinson and Bobbi had obtained a marriage license some days before their marriage was solemnized before a person authorized to perform that ceremony. Since all requirements of the State of Ohio for marriage were met, the marriage is real. There is no duration requirement in the privilege rule or statute and the purpose behind a valid wedding is not a proper reason for outsiders to disregard the marriage.
For the following reasons, I would sustain Robinson's second assignment of error and reverse the judgments of conviction and sentence. Therefore, I dissent from the judgment entered on this appeal.