This cause was heard upon the record in the trial court. Each error error assigned has been reviewed and the following disposition is made: made:
{¶ 1} Appellant, Jennifer Smith, appeals from a conviction of negligent entrustment entered in the Wayne County Municipal Court. We affirm.
 I. {¶ 2} The parties stipulate to the facts of this case. On June 7, 2002, Appellant was cited for wrongful entrustment, in violation of R.C. 4507.33, a first degree misdemeanor. R.C. 4507.33 states:
 "No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person if either of the following applies:
 "(A) The offender knows or has reasonable cause to believe the other person has no legal right to drive the motor vehicle;
 "(B) The offender knows or has reasonable cause to believe the other person's act of driving the motor vehicle would violate any prohibitions contained in sections 4507.01 to 4507.39 of the Revised Code."
 {¶ 3} The parties conducted a trial to the bench on July 29, 2002. The citing officer, Trooper Menges of the Ohio State Highway Patrol, was the sole testifying witness.
 {¶ 4} According to Trooper Menges' testimony, on June 7, 2002, at approximately 3:00 p.m., he stopped a vehicle that had a cracked windshield and displayed no front license plate. He determined that the vehicle was registered to Appellant; however, at the time of the stop, Appellant's husband, Bradley Phillips, was driving the vehicle. Trooper Menges ascertained that Bradley's driver's license was under a financial responsibility suspension ("FRA suspension"). Trooper Menges further testified that Bradley said that Appellant was the owner of the car, that Appellant knew Bradley's driver's license was under suspension, that Appellant had attended court with Bradley on his last driving under suspension charge, and that Appellant had permitted Bradley to drive the car to his workplace. Trooper Menges towed the vehicle, and went to Appellant's workplace to interview her. According to Trooper Menges, during the interview Appellant confirmed that she knew Bradley's driver's license was suspended, that she had allowed him to drive her car to work, and that she had attended his last court date with him. Appellant did not object to any of Trooper Menges' testimony.
 {¶ 5} Prior to resting its case, the prosecution called Bradley to the stand. The bailiff reported to the court that Bradley was refusing to testify. With that, the prosecution rested its case. Appellant's attorney then called Bradley to the stand, and the court asked him to take the stand to state that he would not testify. Bradley was sworn in, stated his name and address for the record, and stated that he did not wish to testify against his wife. Appellant's counsel asked him if he had anything to say in her favor and Bradley replied in the negative. The court advised Bradley to step down, saying, "He's asserting privilege ***." Appellant then rested her case. Neither side offered any exhibits into evidence. Appellant made no Crim.R. 29 motions.
 {¶ 6} The trial court found Appellant guilty as charged. Appellant was fined three hundred dollars plus court costs, and ordered to serve thirty days under house arrest. Appellant timely appealed, raising four assignments of error. We rearrange assignments of error for ease of discussion.
 II. {¶ 7} Prior to discussing the arguments raised, we note that failure to raise an issue at the trial court level usually precludes this Court from reviewing the issue. State v. Quine, 9th Dist. No. 20968,2002-Ohio-6987, ¶ 7. A failure to object waives all but plain error. See State v. Coley (2001), 93 Ohio St.3d 253, 266. In two of her four her assignments of error, Appellant asserts plain error; therefore her first and third assignments of error will be reviewed under a plain error analysis.
 {¶ 8} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). Crim.R. 52(B) places three limitations on the decision of a reviewing court to correct an error despite the absence of a timely objection at trial. State v. Barnes (2002), 94 Ohio St.3d 21, 27. "First there must be an error, i.e., a deviation from a legal rule." Id. citingState v. Hill (2001), 92 Ohio St.3d 191, 200. "Second, the error must be plain. To be `plain' within the meaning of Crim.R. 52(B), an error must be an `obvious' defect in the trial proceedings." Id., citing State v.Sanders (2001), 92 Ohio St.3d 245, 257. "Third, the error must have affected `substantial rights.'" Id. "Affecting substantial rights" under plain error analysis means that the court's error must have affected the outcome of the trial. Id. Plain error is defined as "error but for the occurrence of which it can be said that the outcome of the trial would have clearly been otherwise." State v. Sanders (May 17, 2000), 9th Dist. No. 19783, at 3. The Ohio Supreme Court has recognized that the plain error doctrine should be applied sparingly, and only when necessary to prevent a clear miscarriage of justice. Id., citing State v. Wolery
(1976), 46 Ohio St.2d 316, 327.
 Assignment of Error No. 3 "The trial court committed plain error when the trial court allowed the statement of the defendant/appellant's spouse to be entered into evidence against ms. Smith."
 {¶ 9} In her third assignment of error, Appellant asks this court to find plain error in the admission into evidence of the out of court statements of Bradley Phillips because they constituted inadmissible hearsay. Specifically, Appellant argues that in order for Bradley's statements to be admissible as a statement against interest under Evid.R. 804(B)(3) he would need to be unavailable to testify under Evid.R. 804(A)(1). Appellant states that Bradley was not unavailable under Evid.R. 804(A)(1) because he was an incompetent witness under Evid.R. 601(B). The appellee, in its brief, offers Evid.R. 801(D)(2) as an applicable hearsay rule which would render the testimony admissible.
 {¶ 10} A spouse is not competent to be a witness to testify against the other spouse charged with a crime unless the testifying spouse elects to testify. Evid.R. 601(B)(2). If a spouse is incompetent to testify under Evid.R. 601(B), the spouse is not unavailable under Evid.R. 804(A)(1). State v. Savage (1987), 30 Ohio St.3d 1, syllabus. However, the issue of competency is waived when the defendant in a criminal case produces the spouse as a defense witness. Id. at 4; Habertyv. State (1894), 8 Ohio C.C. 262, 263-264; Citizen Natl. Bank Co. v.Andrews (1923), Ohio N.P. (N.S.) 361, 368.
 {¶ 11} After the prosecution rested its case, Appellant called Bradley to the stand. By producing him as a witness, Appellant waived the issue of competency. Therefore, he could be deemed unavailable under Evid.R. 804(A)(1), and his out of court statements could be admissible under an exception to the hearsay rule. Also, arguably, Evid.R. 801(D)(2) could apply. As that is so, there is no obvious defect in the trial proceedings or a deviation from a legal rule within the meaning of Crim.R. 52(B) in the admittance of Bradley's out of court statement, and thus no plain error.
 Assignment of Error No. 1 "Where the State of Ohio failed to establish the corpus delicti of the crime of restrictions against owner lending vehicle for use of another in violation of R.C. 4507.33, the admission of the defendant/appellant's extrajudicial incriminating statements at trial constituted plain error."
 {¶ 12} In this assignment of error, Appellant argues that her out of court statements are the only evidence of the corpus delicti of the crime of wrongful entrustment and, therefore, the admission of her statements was improper under the corpus delicti rule.
 {¶ 13} "By the corpus delicti of a crime is meant the body or substance of the crime, included in which are usually two elements: 1. The act. 2. The criminal agency of the act." State v. Maranda (1916), 94 Ohio St. 364, paragraph one of the syllabus.
 "It has long been established as a general rule in Ohio that there must be some evidence outside of a confession, tending to establish the corpus delicti, before such confession is admissible. The quantum or weight of such outside or extraneous evidence is not of itself to be equal to proof beyond a reasonable doubt, nor even enough to make it a prima facie case. *** " Id. at paragraph two of the syllabus. See, also, State v. Edwards (1976), 49 Ohio St.2d 31, paragraph one of the syllabus.
 {¶ 14} Appellant argues that the only evidence establishing the corpus delicti in this case is the out of court statements of Bradley. In the prior assignment of error, we found no plain error in the admission of Bradley's statements, making the statements "some evidence" in satisfaction of the corpus delicti rule. Even if that were not the case, Appellant's car was being driven by someone with a suspended driver's license at the time of the traffic stop. Presumably, Appellant had sufficient control over her automobile that she knew it was being driven by someone else. The personal relationship between Appellant and the driver, that of husband and wife, would tend to satisfy the criminal agency element of the corpus delecti rule. Therefore, "some evidence" of the criminal act and the criminal agency of the act were sufficiently present to satisfy the corpus delicti rule prior to Appellant's confession. Appellant's argument does not demonstrate that there is deviation from a legal rule within the meaning of Crim.R. 52(B), and Appellant's out of court statements are not inadmissible as violative of the corpus delicti rule. Appellant's first assignment of error is overruled.
 Assignment of Error No. 4 "The trial court's verdict finding the defendant/appellant guilty of wrongful entrustment, in violation of R.C. 4507.33, a misdemeanor of the first degree, was contrary to law because it was not supported by legally sufficient evidence in violation of the defendant/appellant's right to due process of law as guaranteed by the fourteenth amendment to the united States constitution and Article One, Section 16 of the Ohio Constitution."
 {¶ 15} In her fourth assignment of error, Appellant claims that because Trooper Menges' testimony was the only evidence before the court, and his testimony consisted of inadmissible hearsay, the evidence is insufficient to support the guilty verdict. Appellant claims that the inadmissible hearsay is the out of court statements of both Bradley and Appellant, as well as any information about the suspended driver's license and the vehicle registration which Trooper Menges received from LEADS.
 {¶ 16} When the sufficiency of the evidence is challenged, the court must determine whether the prosecution has met its burden of production. State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). A Crim.R. 29 motion for acquittal must be made at the close of the state's case to preserve the right to appeal the sufficiency of the evidence upon which the conviction is based. State v. Shelton, 9th Dist. No. 20986, 2002-Ohio-5773, at ¶ 14.
 {¶ 17} In this case, Appellant failed to move for judgment of acquittal after the prosecution rested its case. Therefore, Appellant has waived any objection under Crim.R. 29 to the sufficiency of the evidence. Appellant's fourth assignment of error is overruled.
 Assignment of Error No. 2 "Ms. Smith's right to effective assistance of trial counsel as guaranteed by the sixth and fourteenth amendments to the United States Constitution and Article I, section 10 of the Ohio constitution was violated, and his (sic) defense prejudiced, when trial counsel failed to object to the admission of ms. Smith's statement without evidence of the corpus delicti of the charged offense and failure of defense counsel to object to inadmissible hearsay statements."
 {¶ 18} In her second assignment of error, Appellant claims that her trial counsel's performance fell below an objective standard of reasonableness because the counsel did not object to: (1) Trooper Menges' testimony regarding Appellant's out of court statements; (2) Trooper Menges' testimony regarding Bradley Phillips' out of court statements; and, (3) Trooper Menges' testimony that he found the car was registered to Appellant and that Bradley Phillips' driver's license was under suspension when it was not established how Trooper Menges arrived at those conclusions. Further, Appellant claims the trial counsel's act of calling Bradley Phillips to testify constituted ineffective assistance of counsel because to do so waived the competency issue. Appellant maintains that, but for her counsel's performance, she would have been acquitted.
 {¶ 19} The Sixth Amendment guarantees the right to effective assistance of counsel to each defendant. Courts use a two step process in determining whether a defendant's right to effective assistance of counsel has been violated.
 "First the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674.
 {¶ 20} In order to demonstrate prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691.
 {¶ 21} The court must analyze the "reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." Id., at 690. First, the defendant must identify the acts or omissions of his attorney that he claims were not the result of reasonable professional judgment. Then, the court must decide whether counsel's conduct fell outside the range of that which is considered professionally competent. Id. There is a strong presumption that counsel's performance was adequate. State v. Smith (1985),17 Ohio St.3d 98, 100.
 {¶ 22} Appellant first argues that it was ineffective assistance of counsel to fail to object to the admission of Appellant's out of court statements in light of the corpus delicti rule. We discussed the underlying substance of this argument in Appellant's first assignment of error. The testimony was not inadmissible as violative of the corpus delicti rule. Therefore, her counsel's failure to object due to the corpus delicti rule was not unreasonable "on the facts of [this] particular case, viewed at the time of counsel's conduct." Likewise, because her argument regarding the corpus delicti rule does not have merit, Appellant cannot show prejudice.
 {¶ 23} Next, Appellant argues that her counsel was ineffective through the failure to object to Trooper Menges' testimony regarding information received through LEADS. In her brief Appellant states, "It is clear from the transcript that after stopping Mr. Phillips[,] Trooper Menges obtained information regarding Mr. Phillips' driving status and the ownership of the car through a LEADS check." That the information came from LEADS is supposition and is not made clear in the record. In his testimony, Trooper Menges stated that he was able to ascertain who owned the vehicle "[f]rom the registration of the vehicle." He also said, "after checking the owner of the vehicle, the vehicle come (sic) back to a Jennifer Smith as the owner ***." Regarding the suspension of Bradley's driver's license, Trooper Menges testified, "After I stopped the vehicle I found out that the driver, Bradley Phillips, was under suspension for FRA Suspension ***." There is nothing definitive in the record supporting Appellant's claim that this information came from LEADS or dispatch. Therefore, Appellant's counsel could not necessarily object to the testimony based upon Appellant's reasoning. Further, this information was cumulative of Bradley's and Appellant's statements, thus, no prejudice is shown.
 {¶ 24} Next, Appellant claims that failure to object to the testimony of Bradley's out of court statements was ineffective assistance of counsel because Bradley was not unavailable to testify under Evid.R. 804(A)(1). We have already found there is no merit in this argument in our discussion of the third assignment of error and, therefore, we do not revisit it.
 {¶ 25} Lastly, Appellant claims her counsel's calling Bradley to the stand constituted ineffective assistance of counsel. Appellant states that by calling Bradley, her counsel effectively waived the competency issue, allowing Bradley's out of court statements to be admissible, which prejudiced her case. A review of the record demonstrates that Appellant's counsel believed that Bradley could testify favorably for Appellant, if he chose to do so. Further, Appellant's statements to Trooper Menges confirmed any statements Bradley made, so Bradley's statements were merely cumulative. Therefore, taking an action that ultimately permitted the admission of Bradley's statement is not unreasonable "on the facts of [this] particular case, viewed at the time of counsel's conduct." Further, because Bradley's statements were cumulative, there is no prejudice.
 {¶ 26} Appellant's second assignment of error is overruled.
 III. {¶ 27} Appellant's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.
BATCHELDER, J. CONCURS.