Marshall, C. J.
 

 The grounds set forth in the plea in abatement are no longer urged in this court, but two of the grounds set forth in the motion to quash are urged. The first of these contends that the indictment is insufficient because the foreman of the grand jury did not indorse the indictment “A true bill.” The indictment was the usual printed form, which has those words printed upon the bach, and the foreman merely signed his name thereto. Section 13571 provides: “The foreman shall indorse on such indictment the words ‘A true bill,’ and subscribe his name as foreman.” The other ground of the motion to quash is that the indictment failed to set forth that the matters therein stated are “against the peace and dignity of the state of Ohio.” These are formal matters required'by law, but they are of an exceedingly technical nature, and it is difficult to see how in any event the defendant has been prejudiced, even if his contentions are proven. Upon the first ground the case is not dissimilar from
 
 Whiting
 
 v.
 
 State, 48
 
 Ohio St., 220, 27 N. E., 96, and upon the authority of that case defendant’s motion was properly overruled.
 

 As to the second ground, defendant’s contention is even more technical, because the words referred to were not omitted from the indictment, and it only appears that there was a blank space left between the typewritten matter and the printed
 
 *586
 
 words. These legal requirements must not be construed as being so essential as to nullify a conviction otherwise regularly obtained. The same power which requires these technical formalities has provided in .Section 13581, General Code, that certain technical defects and omissions of statement in an indictment shall not invalidate the same unless they “prejudice the substantial rights of the defendant upon the merits.” It requires no argument to show that these matters could not have prejudiced the defendant and the court was therefore not in error in overruling the same.
 

 The demurrer was based upon several grounds, two of which were urged in the motion to quash, .which has already been disposed of, and we will therefore direct our attention to that ground which states that the indictment does not show that the defendant was sworn as a witness at the time he gave the alleged false testimony. This is a question of little difficulty, because the Legislature has particularly set forth the requirements of an indictment for perjury, in Section 13587, General Code, the pertinent part of which is as follows:
 

 “It shall be sufficient to set forth the substance of the offense charged, and before what court or authority the oath was taken, averring such court or authority to have full power to administer such oath, with the proper averments to falsify the matters wherein the perjury is assigned.”
 

 This provision, taken in connection with that already quoted from Section 13581, leaves no doubt of the sufficiency of this indictment, and the court was therefore not in error in overruling the demurrer.
 

 
 *587
 
 Many objections were made during the trial to the introduction of testimony on the part of the state, and all these matters have been examined and we find no substantial error or error which could be regarded as prejudicial. "We do not deem any of these matters of sufficient importance to justify discussion, except the testimony given by Helen Euch, the wife of this defendant. This entire matter developed out of a divorce and alimony proceeding, and it was at least a serious question at the time of giving the testimony which is the basis of this perjury prosecution whether Helen Euch was divorced from the defendant, and although there seems to be no question from this record that the divorce had become effective before the time of trial of the perjury case, the testimony of Helen Euch related back to a time when the entry of the decree of divorce had not yet been spread upon the journal. The divorce had been orally granted by the trial judge, a notation made upon his trial docket, and the entry prepared but probably not yet filed with the clerk. We will give the defendant the benefit of the doubt on this point, and assume for the purposes of this discussion that the divorce had not yet become effective, and that Helen Euch was in fact his wife at the time of the occurrence of the communications testified to by her in the perjury case. An examination of the bill of exceptions discloses that her testimony was given without any objection whatever on the part of defendant’s counsel. It is true that some question had been made at the time of her qualifying as a witness as to her true and correct name, but during the course of her examination on the part of counsel
 
 *588
 
 for the state, when the communications were testified to, no objection was made, bnt, on the contrary, when counsel for the defendant cross-examined Mi's. Euch further questions were propounded by counsel for the accused and answered by her relative to the same matters. Section 13659 provides :
 

 “Husband or wife shall not testify Concerning a communication made by one to the other, or act-done by either in the presence of each other during coverture, unless the communication was made or act done in the known presence or hearing of a third person competent to be a witness * #
 

 Unless it be conceded that this language is absolutely prohibitory and that it utterly disqualifies the wife from testifying as to such communications under any and all circumstances, and unless it further be conceded that permitting her to testify even in response to questions propounded by the defendant’s attorney is error, then the court of common pleas was correct in refusing a new trial on this ground, and the Gourt of Appeals was correct in affirming the judgment. It was stated in argument that this question was raised in this court for the first time, and it is quite certain that the opinion of the Court of Appeals does not deal with the proposition. We are of the opinion that upon principle it was not error to receive this testimony and to permit the same to be considered by the jury, in the absence of any objection on the part of defendant’s counsel, and, after a diligent search, we are not able to find any authority which imposes upon the trial court the duty of making objection to such questions, without objection on the part of counsel, or to exclude the same from
 
 *589
 
 the consideration of the jury without any motion to that effect. It must be conceded that the testimony of Helen Ruch was material to the issue, but, on the other hand, we are of the opinion that the failure to object at the proper time amounted to a waiver of the rights conferred by the statute.
 

 Authority upon this point is meager. The Ohio courts have never met the question. The case of
 
 Blake
 
 v.
 
 Graves,
 
 18 Iowa, 312, held that the wife might testify for the husband with his consent notwithstanding the statutory provision that “the husband or wife shall in no case be a witness for or against the other, except * * *.” The homi-
 

 cide case of
 
 State
 
 v.
 
 Turner,
 
 36 S. C., 534, 15 S. E., 602, construed the statutory provision that “no husband or wife shall be compellable to disclose any confidential communications made by one to the other during their marriage,” and held that this provision could be waived.
 

 It is further contended that the proof does not measure up to that standard which is required to sustain a conviction in a perjury case. The proof required in a prosecution for perjury is somewhat stricter than in prosecutions for other crimes, and is stated in the case of
 
 State
 
 v.
 
 Courtright,
 
 66 Ohio St., 35, 63 N. E., 590, as follows:
 

 “It is a general rule, that to warrant a conviction under an indictment for perjury, there should be at least one witness to the
 
 corpus delicti,
 
 or the falsity of the matter assigned as perjury, and that the testimony of such witness be corroborated, either by another witness, or by circumstantial evidence sufficiently strong to satisfy the jury beyond a reasonable doubt of the guilt of the accused.”
 

 
 *590
 
 We have carefully examined this record and find that even measured by this, standard the testimony appears to sustain this conviction. The charge of the court upon this point was above criticism, and the jury having the matter properly submitted to it, and having rendered a verdict of guilty, and the common pleas court having overruled- a motion for new trial, and the Court of Appeals having affirmed the judgment, this court under the well known rule that it will not .weigh evidence is not justified in reversing a conviction which has been rendered and sustained by three separate tribunals, each of whom is not only authorized to but does in fact weigh and consider the evidence with a view of determining whether the verdict is sustained by that weight of evidence which the particular case under consideration requires. We therefore sustain the Court of Appeals judgment upon this branch of the case.
 

 The last question presented by this record, and one which has received the earnest consideration of the court, is whether the record shows that the alleged false testimony which is the basis of the perjury prosecution was “material matter in a proceeding before a court, tribunal or officer created by law.” The language of the perjury statute, Section 12842, is:
 

 “Whoever, either orally or in writing, on oath lawfully administered, willfully and corruptly states a falsehood as to a material matter in a proceeding before a court, tribunal or officer created by law, or in a matter in relation to which an oath is authorized by law * * * is guilty of perjury * # * >>
 

 
 *591
 
 The indictment alleges that the alleged false testimony was given “in a, certain proceeding for contempt of court for the violation of an order of the common pleas court of Ashland county, Ohio, in a certain divorce and alimony action then pending in the court of common pleas of said county, wherein Helen Ruch was plaintiff, and. Herman G. Ruch was defendant.”
 

 It appears, therefore, in the allegation of the indictment, and it was also clearly shown in the proof, that the divorce and alimony action was still pending, final entry not yet having been filed, and it further appears by an exhibit to the record that Ruch was summoned to appear to give testimony in a divorce and alimony case, the citation bearing the caption of that case. It is sought by counsel for Ruch to confine the proof to a proceeding for contempt entirely segregated from the action for divorce, and it is claimed that the allegation of the indictment justifies such a construction. It appears in the oral testimony, though not by any exhibits filed in the case, that the decree of the court had been orally announced, and that certain personal property was awarded to the Avife. It further appears, that immediately after this, oral award, and before the decree could be journalized, the defendant disposed of the property. It therefore seems entirely proper that the court should again set down the matter for hearing in order that a different decree might be rendered which would do justice to the wife out of other property, inasmuch as it seemed that the personal property could not be delivered to her. In this view of the case, Ruch was before the court in the divorce
 
 *592
 
 and alimony action which was still pending. If we should not adopt this view of the matter it would be necessary to consider whether a proceeding in contempt was then pending.
 

 On this phase of the case, it is urged that the record does not show compliance with Section 12138, General Oode, which requires that, in any proceeding for contempt not committed in the presence of the court, a charge in writing shall be filed with the clerk, an entry thereof made upon the journal, and an opportunity given to the accused to be heard by himself or counsel. Counsel for the accused in the instant case on cross-examination developed the fact that no such charges had been filed, and if this were a proceeding in error from a judgment finding the defendant guilty of contempt it would necessarily be found that the proceedings were irregular, and a conviction on the charge of contempt would be reversed. It does not however follow that such irregularities can be collaterally attacked, or that such irregularity would remove such a proceeding from the requirements of Section 12842, General Code. The latter section does not require that the alleged false testimony should be given in a suit or action, but it is only necessary that it be given in a “proceeding.”
 

 It is evident that the Legislature intended great latitude in the character of the inquiry which should become the basis of a charge of perjury. “Proceeding” is a term of much broader signification than either suit or action. It has been broadly defined as any act done by the authority or direction of the court. The term as used in this statute should not be construed in any technical sense,
 
 *593
 
 but should include all methods of invoking the action of courts and embrace any controversy which may or may not rise to the dignity of a suit or action. While it must undoubtedly be an authorized proceeding in which the alleged false testimony is given, it does not follow that a prosecution for perjury must fail unless it be affirmatively shown that all the usual or even necessary steps were taken leading up to the taking of testimony. The indictment charges that a contempt proceeding was being heard. This is clearly an authorized proceeding. It was being heard by a common pleas court, and such a court clearly has jurisdiction of the subject-matter. The defendant was summoned by a writ issued under the signature of the clerk and the seal of the court, directed to and served by the sheriff under a “rule for contempt,” to give testimony and to show cause why an attachment should not be issued. An attachment could only issue to enforce compliance with some order of the court theretofore issued, not as a punishment for failure to comply with such an order. The defendant responded to the writ, submitted to the administration of the oath as a witness, and gave testimony which is alleged to be false. It cannot be successfully maintained that he thereby became a voluntary witness, but, at the least, he was a regular witness and gave testimony without objection or exception. He was represented by counsel, and is therefore presumed to have been advised of his rights. He did not see fit at that time either in person or by counsel to object to the alleged irregularities of a contempt proceeding. He is therefore in the position of having gambled upon
 
 *594
 
 the outcome of the matter then under inquiry, and as a part of the chances he took it is claimed that he gave false testimony.
 

 It would be trifling with courts of justice, and would be putting a strained construction upon Section 12842, General Code, to require proof of absolute regularity in all the steps leading up to the taking of testimony. We are of the opinion that there was more than a mere “proceeding” pending. The record fairly shows that the testimony was taken in an action then pending in which the inquiry related to performance or non-performance of an order theretofore made by the court in the same action; that that action had not been completely ended; and that the court was taking further testimony to determine whether there should be a modification of the decree which had theretofore been orally suggested. We are therefore of the opinion that the court did not err upon that feature of the case. Having found no prejudicial error, the judgments of the lower courts must be affirmed.
 

 Judgment affirmed.
 

 Jones, Allen, and Conn, JJ., concur.