DERRICK, D. B. A. MECKLENBURG'S GARDEN, APPELLEE, *v.* BOARD OF LIQUOR CONTROL ET AL., APPELLANTS.

(No. 5078—Decided September 24, 1954.)

*Mr. C. G. Yarwood,* for appellee.

*Mr. C. William O'Neill,* attorney general, *Mr. Robert Krupansky* and *Mr. Kiehner Johnson,* for appellants.

WISEMAN, P. J.   This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County reversing the order of the Board of Liquor Control, which suspended the permit of appellee for violation of Regulation No. 53.

The charge was made that appellee kept, or allowed to be kept, on the permit premises race horse slips and baseball slips used in gambling.  The evidence presented to the board consisted of the testimony of several police officers, exhibits in the form of slips of paper, one piece of newspaper, a sporting newspaper, and a notebook.   These exhibits are proof of bets being placed on horse races and baseball games.  The officers testified that the bartender and a waiter, who were employed by appellee and who possessed the exhibits on the premises, admitted they had taken bets from patrons during their employment on the premises.   The two employees did not testify at the hearing before the board.

Appellee questions the competency of the testimony

of the police officers on the ground that such testimony was hearsay and should not be considered. The board concedes such testimony to be hearsay, but contends that it had a right to consider this evidence. Counsel for the board point out that the testimony of the police officers was received without objection. If such evidence is excluded, there is not sufficient evidence in the case to warrant a finding of a violation of Regulation No. 53. This was the position taken by the Common Pleas Court. If such testimony is considered, there is reliable, probative and substantial evidence to support the order of the board.

Failure to object seasonably to otherwise inadmissible evidence constitutes a waiver, and unless an objection is interposed, the question of the admissibility of the evidence cannot be presented on review. *State* v. *Petro,* 148 Ohio St., 473, 76 N. E. (2d), 355; *Ruch* v. *State,* 111 Ohio St., 580, 146 N. E., 67; 2 Ohio Jurisprudence (pt. 1), 328, Section 162; 3 American Jurisprudence, 40, Section 260.

Hearsay evidence, though incompetent if objected to, nevertheless may be probative and relevant to the issue. 20 American Jurisprudence, 1036, Section 1185. The only question is how much weight should be given thereto. *State* v. *Petro, supra,* paragraph eight of the syllabus.

Appellee contends that she is not bound by the admissions of her two employees, the bartender and the waiter; that such admissions were outside the scope of their employment. This is not the proper test to be applied here. Under Regulation No. 53, the permit holder is held responsible for misconduct of her employees on the permit premises. The case of *Barn Cafe & Restaurant, Inc.,* v. *Board of Liquor Control,* 63 Ohio Law Abs., 351, 109 N. E. (2d), 332, is distinguishable from the case at bar on the facts. In

*Wallace* v. *Board of Liquor Control,* 64 Ohio Law Abs., 477, 112 N. E. (2d), 827, this court, on page 479, said:

"As a defense to these charges the proprietor urged that he did not know what was going on and stated that he had dismissed the employees who permitted the conditions to obtain. Manifestly, the permittee cannot evade responsibility for misconduct and failure to observe rules of the Board and the demands of decency and propriety in the operation of a night club where liquor is sold."

We are of the opinion that the board had a right to consider the testimony of the police officers; that such testimony was relevant and probative; that the board had a right to determine how much weight should be given to such evidence; and that the judgment of the board was supported by reliable, probative and substantial evidence and was in accordance with law.

Both in his brief and in oral argument counsel for appellee claimed that the record of the evidence is incomplete and incorrect. We are required to consider the record as it is presented to us. This court cannot go beyond the record in an attempt to supply deficiencies in it.

In reversing the judgment of the board, the Common Pleas Court committed reversible error. The judgment of the Common Pleas Court is reversed, and the order of the board affirmed. The cause is remanded for further proceedings according to law.

*Judgment reversed.*

MILLER and HORNBECK, JJ., concur.