**MATTEO, d. b. a. AL'S CAFE, Appellant-Appellee, v. STATE, DEPARTMENT OF LIQUOR CONTROL, Appellees-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 5096. Decided February 2, 1955.

Myron S. Stanford, Cleveland, for appellant.

Hon. C. William O'Neill, Atty. Genl., Robert B. Krupansky, Kiehner Johnson, Asst. Attys. Genl., Columbus, for appellees.

## OPINION

By THE COURT.

This is an appeal on questions of law from the judgment of the Common Pleas Court of Franklin County reversing the Board of Liquor Control, which sustained the Department of Liquor Control, suspending the license of the appellee, a holder of Class D-1 and D-2 permits.

The court found that there was not reliable, probative and substantial evidence to support the order, and that the order is not in accordance with law.

In this Court the assignment of error is directed solely to the judgment of the court with respect to the charge that the permit holder, on Sunday, August 23, 1953, sold intoxicating liquor, to wit: wine, in violation of §4301.22 (D) R. C. At the hearing before the Board the bottle of wine, a marked dollar bill, and the chemist's affidavit showing an analysis of the contents of the bottle were introduced as exhibits. The chemist was not present and did not testify respecting the analysis as shown by the affidavit. The Common Pleas Court held that the chemical analysis was improperly introduced and could not be considered on review by reason of the provisions of §2317.40 R. C., which requires the custodian or other person who made such record, or under whose supervision such record was made, to testify to its identity and the mode of its preparation. The lower court took the position that in the absence of this evidence there was not reliable, probative and substantial evidence to support the order.

Counsel for the appellee, the permit holder, in support of the position taken by the Common Pleas Court, cites the case of **State v. Phillips**

90 Oh Ap 44, 103 N. E. (2d) 14, which held that it was error to admit a business record where neither the custodian nor the person who made such record testifies to its identity. However, in that case the court in its opinion, on page 47, states that the evidence was admitted "over defendant's objection."

In the instant case the record shows that before the department rested, counsel for the department stated "at this time, department would like to offer into evidence department's Exhibits A, B and C." The chairman of the Board asked whether there was any objection. Counsel for the permit holder stated: "No objection." Whereupon the chairman of the Board stated: "They shall be received."

Sec. 2317.40 R. C., was enacted to facilitate the presentation of such evidence in the record and to liberalize the "shop book" rule, which was an exception to the general rule excluding hearsay evidence under the common law. Hearsay evidence is incompetent, but clearly such incompetent evidence may be waived by failure to object. The general rule is that no advantage can be taken of the admission of improper testimony or evidence unless objection to its admission was made in the lower court. In 3 O. Jur. 2d, page 65, Sec. 203, the text is as follows:

"An objection that might have been taken to evidence on the trial in the court below, but which was not taken, will be considered as waived, and will not be noticed on review."

(Numerous cases cited.)

In Petro v. State, 148 Oh St 473, 76 N. E. (2d) 355, the eighth paragraph of the syllabus is as follows:

"Where the answer to a proper question contains hearsay, and there is no objection to or motion to strike such hearsay, and no request that the jury be instructed to disregard same, such evidence may properly be considered and given its natural probative effect as if it were at law admissible, the only question being with regard to how much weight should be given thereto."

See Ruch v. State, 111 Oh St 580, 146 N. E. 67; Paulson v. Hall, 51 Abs. 21, 80 N. E. 2d, 193. See also 3 Am. Jur., page 40, Section 260. We find nothing in §2317.40 R. C., to change the application of the general rule on waiver.

Under the provisions of §119.09 R. C., the Board of Liquor Control is given authority to pass on the admissibility of the evidence. Furthermore, Regulation 65, Section IV, specifically provides that the production of evidence before the Board is to be goverened by the rules of evidence required by Ohio courts in civil cases.

In our opinion the Common Pleas Court had a right to consider the chemical analysis, which showed 20.48 per cent of alcohol by volume, and 16.66 by weight, and was identified as wine fit for human consumption. A proper identification of the bottle of wine, which the officer testified was taken from the person who made the purchase, appears.

In our opinion the Common Pleas Court was in error in ruling that the judgment of the Board was not sustained by reliable, probative, and substantial evidence, and was not in accordance with law. After an examination of all of the evidence, and giving the Board the right to determine the credibility of the witnesses, this Court is of the opinion

that the judgment of the Board was sustained by reliable, probative and substantial evidence, and was in accordance with law. **Farrand v. Board, 151 Oh St 222, 85 N. E. (2d) 113.**

Judgment reversed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.