Per Curiam.

Defendant’s first error assigned is that the Court of Appeals erred in sustaining the action of the trial court in denying defendant’s motion for a directed verdict and for dismissal of the indictment. To determine the question thus raised would necessitate the weighing of the evidence. The trial court and the Court of Appeals have passed on that question. This court is not required to determine as to the weight of the evidence in a criminal case. Section 2953.02, Revised Code; State v. Petro, 148 Ohio St., 473, 76 N. E. (2d), 355, 5 A. L. R. (2d), 425.
Other errors assigned relate to the admissibility of evidence which was not objected to at the time of trial. During the course of the trial, defense counsel stated:
“Your Honor, members of the jury. There are only a few questions I am going to ask * * *. There was a lot of evidence introduced here before the jury I didn’t offer any objection to. I could have objected but I didn’t; I allowed the prosecutor all of the leeway possible because I think we want to get to the facts of the case. I know I do and the jury and the court. ’ ’
Issues as to the admissibility of evidence not objected to at the time of trial will be considered as waived and can not be the subject of review. Gage v. Payne, Paymaster, Wright, 678; Clark v. State, 12 Ohio, 483, 40 Am. Dee., 481; Ruch v. State, 111 Ohio St., 580, 146 N. E., 67.
Defendant claims further that the trial court erred in permitting the prosecuting attorney to examine the prosecuting witness as to prior statements she had made before the Grand Jury and in the prosecuting attorney’s office, contending he was thus permitted to impeach his own witness. Because of an apparent change of attitude of the witness, the court declared her to be hostile and allowed the prosecuting attorney “to proceed to examine her as upon cross-examination.” During this examination, in which the prosecuting attorney attempted to refresh the recollection of the witness by interrogation as to her former statements, the witness did not repudiate or deny making any of such prior statements, and no objection was made by defense counsel.
This claim of error is clearly refuted by the case of Hurley v. State, 46 Ohio St., 320, 21 N. E., 645, 4 L. R. A., 161, the syllabus of which reads as follows:
*184 “1. A party who calls a witness, and is taken by surprise by his unexpected, and unfavorable testimony, may interrogate him in respect to declarations and statements previously made by him, which are inconsistent with his testimony, for the purpose of refreshing his recollection, and inducing him to correct his testimony, or explain his apparent inconsistency; and for such purpose his previous declarations may be repeated to him, and he may be called upon to say whether they were made by him.
“2. In case the witness denies having made such statements, or his answer is ambiguous concerning them, it is not competent for the party calling him, to prove them by other witnesses.”
This court is of the opinion that the record shows no error which would justify a reversal. The judgment is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Zimmerman and Bell, JJ., concur.