[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-Appellant, Dennis P. Kitsemble ("Appellant"), appeals from the judgment of conviction and sentence entered in the Court of Common Pleas of Mercer County, for a violation of R.C. 2913.02(A)(3), theft by deception. For the following reasons, we affirm the trial court's judgment.
Appellant was indicted by the Mercer County Grand Jury on May 15, 1997 for one count of theft by deception which occurred on October 6, 1995.
On June 2, 1997, Appellant made an initial appearance and stated an intent to hire an attorney. The trial court scheduled an arraignment for June 30, 1997. On that day, Appellant stated that he had not found an appropriate attorney to represent him and felt that maybe he should defend himself. The trial court granted a continuance and entered a plea of not guilty on behalf of the Appellant. On July 21, 1997, Appellant stated that he did not intend to have an attorney. The trial court granted a continuance to Appellant until August 8, 1997, so that Appellant could "file suit in a federal district court" against the trial court judge or the trial court for allegedly denying Appellant his "constitutional rights".
At the next hearing, Appellant stated he did not intend to file suit against the trial court judge and on September 16, 1998, Appellant indicated that he was going to represent himself in this matter and felt that he was qualified to do so. The trial court scheduled a hearing on motions for October 3, 1997, a pretrial conference on October 20, 1997, and a trial date of October 28, 1997.
On October 20, 1997, Appellant stated to the trial court that he needed counsel. The trial court then vacated the original trial date and rescheduled the pretrial hearing for November 3, 1997. On November 3, 1997, Appellant stated that he did not find counsel that would properly protect his rights, but that he was continuing to talk to different law firms. The trial court granted another continuance to allow Appellant to find counsel until November 24, 1997.
On November 24, 1997, Appellant claimed that he retained two attorneys. The trial court could not find either person listed as licensed to practice in the State of Ohio and the trial court continued the matter until December 23, 1997. At the next hearing, Appellant claimed that one of the two attorneys was going to represent him, but no attorney entered an appearance on behalf of Appellant. The trial court then set the matter for trial on February 10, 1998 with a final pretrial hearing on February 3, 1998. On February 3, 1998, Appellant stated that he knew he needed counsel, but he had not been able to find counsel to adequately represent him.
A jury trial was held on February 10, 1998 over Appellant's request for another continuance to obtain counsel and Appellant was found guilty of theft by deception, a felony of the third degree. Appellant was subsequently sentenced to a prison term of eighteen months and a fine of $2,500.00 unless he paid restitution of $509.20 to the victim by a date certain. Execution of the sentence was stayed pending this appeal. Appellant now asserts three assignments of error.
 ASSIGNMENT OF ERROR NO. I The court below erred to appellant's prejudice in requiring him to proceed to jury trial without the representation of counsel.
Appellant contends that it was error for the trial court to require him to go to trial without counsel.
Every criminal defendant is afforded the right to counsel.Sixth and Fourteenth Amendments to the United States Constitution; Section 10, Article I, Ohio Constitution. A criminal defendant may waive this right and represent himself. State v. Ebersole
(1995), 107 Ohio App.3d 288, 292-93, citing Faretta v. California
(1975), 422 U.S. 806. A waiver to the right to counsel must pass constitutional standards before the waiver will be effective.Ebersole, 107 Ohio App.3d at 294. "Before the right to counsel can be waived, a court must be satisfied that the defendant made an intelligent and voluntary waiver of the right with the knowledge that he will have to represent himself, and, also, he should be informed of the dangers inherent in self-representation." Ebersole, 107 Ohio App.3d at 293, citingFaretta, 422 U.S. 806 and State v. Gibson (1976), 45 Ohio St.2d 366.
In addition, Crim.R. 44(C) in part provides that a "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22." We have previously held that strict compliance with the form of this procedural rule is not required as long as there is substantial compliance with the substance and spirit of the rule. Ebersole,107 Ohio App.3d at 293, citing State v. Overholt (1991), 77 Ohio App.3d 111, 115. Thus, pursuant to Crim.R. 44(C), a valid waiver of the right to counsel by a criminal defendant may be express or implied.Ebersole, 107 Ohio App.3d at 293; State v. Weiss (1993), 92 Ohio App.3d 681,684. In addition, a waiver may be inferred from the circumstances surrounding a case, including the actions of the defendant. Ebersole, 107 Ohio App.3d at 293, citing State v.Crebs (1987), 42 Ohio App.3d 50, 52 and State v. Hook (1986),33 Ohio App.3d 101, 103.
A criminal defendant may not use the right to counsel to frustrate or delay the criminal justice system. Hook, 33 Ohio App. 3
d at 103, citing State v. Wellman (1974) 37 Ohio St.2d 162. If the criminal defendant does use the right to counsel as a delaying strategy, the trial court may properly proceed with trial as long as the trial court is confident that the criminal defendant is aware of the gravity of his decision to proceed prose. Weiss, 92 Ohio App.3d at 685-86; State v. Garris (June 3, 1998), Logan App. No. 8-98-2, unreported.
Turning to the specific circumstances of this case, we find that the facts do amount to a valid waiver. The record clearly indicates that Appellant was informed of the consequences of actions frustrating the judicial process and continued his delaying tactics from June 1997 to February 1998.
On June 2, 1997, when Appellant first appeared before the trial court, he responded that he both intended to hire an attorney and he had the funds to hire an attorney. At Appellant's second appearance before the trial court on June 30, 1997, the following exchange occurred:
 COURT1: * * * At that time you advised me that you were seeking to retain counsel to represent and the matter was assigned for arraignment for today to give you ample time to have counsel present so you would be prepared to plead in response to the charges. Do you have an attorney?
DEFENDANT: No, your honor, I do not.
 COURT: Can you explain to the Court why you do not have an attorney?
 DEFENDANT: Well, I contacted several attorneys, and in the process of explaining the situation to them, I had several of them tell me that since I had a prior conviction that I was actually guilty and had to prove my innocence first. So on that basis I felt that maybe I had to defend myself. I wasn't too sure that they were going to defend me. So in the process of this, your honor, of trying to understand this and trying to prepare for it, I came to the conclusion that when I was in Court previously you asked me if I understood the nature of the charges brought against me, and actually, your honor, what I'm saying is I have a question in regards to the nature of the charges and —.
 COURT: Do you understand that I can't act as your attorney and give you any kind of advice.
DEFENDANT: Yes, your honor, I understand that.
 COURT: You do understand that you have a right to have the Court appoint counsel for you if you can't afford an attorney. That's not the issue here from what you're telling me?
DEFENDANT: No.
 COURT: And at this point in time you may desire to be represented by counsel but to this point in time you have not been able to retain counsel not because of any financial lack of financial resources but because you have not found someone who has agreed to represent you at this point?
DEFENDANT: That's right, your honor.
The trial court then continued the arraignment until July 21, 1997 for Appellant. On July 21, 1997, the trial court again asked Appellant whether he intended to have an attorney represent him and the Appellant stated that he could not find the procedures to follow to represent himself. The following exchange then occurred:
 COURT: That's why you need an attorney, Mr. Kitsemble. Do you have an attorney?
DEFENDANT: No, your Honor.
COURT: Do you intend to have an attorney?
DEFENDANT: No, your Honor.
The trial court then explained that it could not serve as the legal counsel for Appellant and that Appellant would need an attorney to answer his legal questions. At that point, the trial court told Appellant that unless he wanted to consult with an attorney that it was going to proceed with the case. The trial court continued the matter so that Appellant could "file suit in a federal district court" against the trial court judge or the trial court for allegedly denying Appellant his "constitutional rights".
Before the trial court again on August 8, 1997, Appellant stated that he did not intend to file the federal lawsuit and served the Appellee with a request for a bill of particulars. The matter was continued to allow the Appellee to respond to the request and for Appellant to review the response. On September 16, 1997, the court again asked Appellant if he had sought out counsel to assist in his defense. Appellant stated that he had not hired an attorney nor has he consulted with an attorney. The following exchange took place:
 COURT: The court will do what it can within the bounds of judicial ethics to see that your rights are protected, but I can't give you advice as to how to protect yourself and pursue your own defense. That's not — I'm not here to be your legal counsel. Do you understand that?
DEFENDANT: Yes, I understand that, your Honor.
 COURT: How do you intend to defend yourself without the benefit of counsel? Do you feel you're qualified to do that?
 DEFENDANT: I don't think that I'm not qualified to do it.
 COURT: Well, I would have to take that double negative to mean that you do.
The court then set a trial date of October 28, 1997. The court set October 3, 1997 for a hearing on motions and October 20, 1997 for a final pretrial hearing. Neither Appellant nor Appellee presented motions on October 3, 1997; however, on October 20, 1997, Appellant stated to the trial court that he realized he needed counsel.
The trial court granted a continuance to November 3, 1997, so that Appellant could obtain counsel. On November 3, 1997, Appellant told the trial court that he was not able to obtain counsel that would properly protect his right, but that he was continuing to talk to different law firms. The trial court stated that if Appellant was not able to obtain counsel for financial reasons, that he did have the right to ask the court to assign counsel to represent him. The Appellant stated that he understood this and asked about the paperwork for an appointed attorney. The trial court explained the process to Appellant. The trial court then continued the matter until November 24, 1997, so that Appellant could advise the trial court whether or not he has retained counsel. The trial court then stated the following during the hearing to Appellant:
 COURT: * * * I only have one other comment, Mr. Kitsemble. As you might expect, these cases can't be delayed indefinitely, and I'm exercising judicial patience to allow you to retain counsel or otherwise seek advice so we can proceed.
 At the same time that — I want to give you every opportunity to do that. At some point in time, I need to set this matter for trial just because of the fact that we need to move cases through the system. Do you understand that?
DEFENDANT: Yes, I understand.
On November 24, 1997, Appellant represented to the trial court that he was represented by two attorneys. The trial court could find neither person listed in the Ohio Legal Directory. At that point, the trial court continued the matter until December 23, 1997. The trial court stated that on December 23, 1997, the trial date was going to be set with or without Appellant's counsel present. Appellant appeared in court without counsel on December 23, 1997 and as promised the trial court set the final pretrial hearing date for February 3, 1997 and the trial date for February 10, 1998.
On February 3, 1997 the following exchange took place between the trial court and the Appellant:
 COURT: You at one time indicated to the court you intended to have counsel represent you. Is it your intention to proceed without counsel?
 DEFENDANT: I have not been able to — I know I need counsel. I've not been able to obtain counsel that I feel will properly defend me and be able to follow through with my case all the way to the appellate court. I know I need counsel. I just have not been able to find the proper counsel to do that or counsel that I can afford that would take me, follow through on that.
The trial occurred on February 10, 1998. Appellant appeared without counsel and asked the court for a recess to complete a telephone call to an attorney. Appellant was unable to reach the attorney during the recess and asked for a twenty-four hour continuance which the court denied. The trial then took place over the objections of Appellant that he was incapable of representing himself.
From the record, it is evident that the trial court informed Appellant of his right to counsel and explained the dangers of acting in his own defense. The trial court granted numerous continuances to allow Appellant to obtain and consult with counsel. Appellant was first before the trial court on June 2, 1997 and the court tired of the delays by Appellant set the trial date for February 10, 1998. Appellant attempted to obtain a continuance on that date, but the trial court found that Appellant had delayed the matter for too long and after a recess for the Appellant to call an attorney, the trial began.
We find that Appellant waived his right to counsel. Appellant was repeatedly told that he needed to seek counsel to assist him for the trial and that if he could not afford counsel, that the court would provide an attorney to him. Appellant first stated that he would obtain counsel, then Appellant stated that he wanted to represent himself, and then Appellant stated again that he wanted to seek representation. The trial court allowed for continuance after continuance for Appellant to seek counsel, but each time Appellant appeared after a continuance without a lawyer. The court finally set the trial date of February 10, 1998 and told Appellant that the trial was going to take place that day with counsel present or not.
Appellant was using his right to counsel as a delaying tactic which frustrated the criminal justice system. Appellant waived his right to counsel by failing to obtain counsel even though the court allowed sufficient time for him to do so and the trial court warned him that the proceedings were not going to be delayed indefinitely. In addition, Appellant had been convicted of three prior theft offenses and served prison time. Thus, Appellant was aware of the consequences of a conviction. The trial court properly inferred that Appellant's conduct over the course of eight months constituted a waiver to his right to counsel. SeeEbersole, 107 Ohio App.3d 288.
Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The indictment in this matter is insufficient as a matter of law.
Appellant contends that the indictment was fatally defective because it failed to include the term "knowingly", an element of the offense being charged, and it failed to include the constitutionally mandated phrase "against the peace and dignity of the State of Ohio".
In its entirety the indictment provides:
 The JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or about October 6, 1995, at Mercer County, Ohio, DENNIS P. KITSEMBLE, DOB 9-17-49, SSN 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 did with purpose to deprive the owner, of property or exert control over the property, to wit: $400.00, by deception, the Defendant having been previously convicted of theft in Mercer County, Ohio Common Pleas Court Case No. 90-CRM-037 and Van Wert County, Ohio Common Pleas Court Case No. CR-90889, in violation of O.R.C. Section 2913.02(A)(3), Theft by Deception, being a felony of the third (F-3) degree.
(Emphasis added.) R.C. 2913.02(A)(3) in part provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * by deception." R.C. 2913.02(B) also provides that "* * * if the offender previously has been convicted of two or more theft offenses, a violation of this section is grand theft, a felony in the third degree."
We find that the indictment was sufficient for multiple reasons. First, within the definition of deception is the element of knowingly. R.C. 2913.01(A). Second, the words used in the indictment were sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged. Crim.R. 7(B). Accordingly, the indictment language tracked the language of the statute, which is allowed and has been held to provide adequate notice of the elements of the charged offense.State v. Murphy (1992), 65 Ohio St.3d 554, 583; State v. Mills
(1992), 62 Ohio St.3d 357; Crim.R. 7(B).
Third, even in the absence of this element, Appellant was given notice of the charge against him since the indictment listed the Revised Code section under which appellant was charged. Appellant knew that he was charged with theft by deception in violation of R.C. 2913.02(A)(3). See State v. Pope (May 20, 1994), Lake App. No. 93-L-093, unreported. Fourth, Appellant was provided a bill of particulars in August 1997 which supported the indictment. The bill of particulars provided that Appellant acted purposely. With this information, Appellant was provided notice of all elements of theft by deception well before his trial. SeeMurphy, 65 Ohio St.3d at 583.
Appellant also alleges that his conviction and sentence are void because his indictment did not conclude with the words "against the peace and dignity of the state of Ohio," as required by Section 20, Article IV, Ohio Constitution. However, that requirement is not "so essential as to nullify a conviction otherwise regularly obtained." State v. Lundgren (1995) 73 Ohio St.3d 474,489-73, citing Ruch v. State (1924), 111 Ohio St. 580,586. As such, we find that the indictment was sufficient.
We also note that Appellant failed to object to the indictment before or at trial and, therefore, he waived this issue. See Crim.R. 12(B)(2) and 33(E)(1); Lundgren,73 Ohio St. 3d at 489-90; Mills, 62 Ohio St.3d at 362-63.
Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The court below erred in sentencing appellant in accordance with law in effect prior to July 1, 1996.
Appellant contends that he is entitled to have the benefit of the lesser sentence imposed by the version of R.C. 2913.02 in effect on the date of his conviction and sentence. Appellant was convicted on February 10, 1998 and sentenced on March 20, 1998 for the offense of theft by deception under R.C. 2913.02(A)(3) which occurred on October 6, 1995.
The Supreme Court conclusively decided this issue in State v.Rush (1998), 83 Ohio St.3d 53. See, also, State v. Quevedo (March 25, 1998), Van Wert App. No. 15-97-13, unreported. The Court found that the Amended Senate Bill 2 sentencing provisions are inapplicable to those defendants who committed crimes prior to its July 1, 1996 effective date. Rush, 83 Ohio St.3d at 55. As Appellant's offense occurred prior to July 1, 1996, Am. Sub. S.B. 2 sentencing provisions do not apply to him. Id. Accordingly, the trial court correctly sentenced Appellant in accordance with the sentencing law in effect prior to July 1, 1996. R.C.2913.02(A)(3); R.C. 2913.02(B); R.C. 2929.11.
For the foregoing reasons, Appellant's third assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment Affirmed.
 EVANS and BRYANT, JJ., concur.
1 In the various transcripts in the record, the trial court and Appellant are referred to in different manners, for consistency, when we refer to the transcripts, the trial court will be cited as "COURT" and Appellant will be cited as "DEFENDANT".