OPINION
{¶ 1} Defendant-appellant, appeals his conviction, following a jury trial, in Youngstown Municipal Court for sexual imposition.
 {¶ 2} On December 19, 2002, appellant was charged with sexual imposition, in violation of R.C. 2907.06(A)(1), a misdemeanor of the third degree. The case proceeded to discovery and numerous pretrial motions. Of particular relevance to this appeal, appellant filed a motion to dismiss because of an alleged defect in the charging complaint. Specifically, appellant took issue with the caption of the complaint which read, "City of Youngstown, State of Ohio v. JERALD GORDON * * *." Appellant argued that only the State of Ohio, not the City of Youngstown, had authority to bring an action as the plaintiff, since this is a criminal matter. The trial court denied appellant's motion and the case proceeded to a jury trial. The jury returned a guilty verdict on April 4, 2003.
 {¶ 3} On May 5, 2003, the trial court sentenced appellant to sixty days in jail, with thirty days suspended, and a $100 fine plus court costs. The court also placed appellant on one year reporting probation. The court granted a stay of sentence pending appeal. This appeal followed.
 {¶ 4} Appellant's sole assignment of error states:
 {¶ 5} "Does the City of Youngstown, State of Ohio have standing, and thereby Constitutes the real party in interest when it seeks to prosecute a Defendant for the violation of a Statute of the State of Ohio?"
 {¶ 6} In support of his argument, appellant cites Section 20, Article IV of the Ohio Constitution which provides:
 {¶ 7} "The style of all process shall be, `The State of Ohio;' all prosecutions shall be carried on, in the name, and by the authority, of the state of Ohio; and all indictments shall conclude, `against the peace and dignity of the state of Ohio.'"
 {¶ 8} Appellant maintains that, like in the civil context, the action must be prosecuted in the name of the real party of interest. Appellant argues that, because a comma appears between "City of Youngstown" and "State of Ohio," reference to the City of Youngstown cannot be considered mere surplusage. Since the complaint was improper, appellant asserts that the trial court was without jurisdiction to try appellant on the charges.
 {¶ 9} Subject matter jurisdiction of a court connotes the power and authority to hear and decide particular types of cases upon their merits. Morrison v. Steiner (1972), 32 Ohio St.2d 86, 87, 61 O.O.2d 335,290 N.E.2d 841. Article IV, Section 18 of the Ohio Constitution provides:
 {¶ 10} "The several judges of the supreme court, of the common pleas, and of such other courts as may be created, shall, respectively, have and exercise such power and jurisdiction, at chambers, or otherwise, as may be directed by law.
 {¶ 11} Youngstown Municipal Court is a statutorily authorized municipal court. R.C. 1901.01. Pursuant to R.C. 1901.20(A)(1), a municipal court is authorized to adjudicate alleged violations of any misdemeanor committed within the limits of its territory. Sexual imposition is a violation of R.C. 2907.06(A)(1), a misdemeanor of the third degree. It is undisputed that the offense was committed within the territorial limits of the Youngstown Municipal Court. Therefore, the Youngstown Municipal Court was invested with the subject matter jurisdiction required to hear and decide the offense with which appellant was charged and of which he was convicted.
 {¶ 12} Additionally, in any case prosecuted for a violation of a statute, the city prosecutor presents the case for the municipality and the state respectively. R.C. 2938.13. That was clearly the case here.
 {¶ 13} With regard to Section 20, Article IV of the Ohio Constitution cited by appellant, the Ohio Supreme Court has taken up this similar issue involving the "against the peace and dignity of the state of Ohio" language. In State v. Lundgren (1995), 73 Ohio St.3d 474, 489,653 N.E.2d 304, the defendant argued that his convictions and sentences were void because his indictment did not conclude with the words "against the peace and dignity of the state of Ohio," as required by Section 20, Article IV, Ohio Constitution. The court held that the "requirement is not `so essential as to nullify a conviction otherwise regularly obtained.'" Id., quoting Ruch v. State (1924), 111 Ohio St. 580, 586,146 N.E. 67. This court held similarly in State v. Austin (May 6, 1997), 7th Dist. No. 95 C.A. 49.
 {¶ 14} As in Lundgren and Austin, we find that the caption of the complaint is not a requirement so essential as to nullify a conviction otherwise regularly obtained. It is clear in this case that the caption contains the "State of Ohio" language required by Section 20, Article IV
of the Ohio Constitution. Reference to the City of Youngstown is mere surplusage in this case designed to identify the city as the prosecuting authority. In addition as we already indicated, the city prosecutor is authorized by statute to prosecute cases for violation of a statue in the name of the municipality and state respectively. R.C. 2938.13.
 {¶ 15} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 16} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
Waite, P.J., concurs.