[Cite as *State v. Payne*, 2012-Ohio-1334.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 25825 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL A. PAYNE | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 10 09 2482 |

DECISION AND JOURNAL ENTRY

Dated: March 28, 2012

CARR, Judge.

{¶1}    Appellant, Michael Payne, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    On September 16, 2010, the Summit County Grand Jury indicted Payne on one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree; and two counts of domestic violence in violation of R.C. 2919.25(A) and (C), a felony of the third degree and a misdemeanor of the first degree, respectively.  Subsequently, in a supplemental indictment filed on October 21, 2010, the grand jury charged Payne with violating a protection order in violation of R.C. 2919.27, a misdemeanor of the first degree.  Payne waived his right to counsel and the trial court appointed stand-by counsel.

{¶3}    On November 1, 2010, Payne filed a motion to dismiss the indictment pursuant to Crim.R. 12(C)(2) on the basis the trial court did not have jurisdiction over him because the words

"A TRUE BILL" were preprinted on the indictment sheet by a computer printer instead of being personally endorsed by the grand jury foreperson. On November 15, 2010, the trial court issued a journal entry indicating that it had held a hearing on the motion to dismiss and that the motion was denied. A jury trial ensued and Payne was convicted of all the charges contained in the original indictment as well as the supplement to the indictment. Payne was sentenced to a total of 13 years imprisonment. The trial court issued its sentencing entry on January 24, 2011.

{¶4} Payne filed a notice of appeal on February 18, 2011. On appeal, he raises one assignment of error.

## II.

### ASSIGNMENT OF ERROR I

TRIAL COURT COMMITTED A GRAND MISCARRIAGE OF JUSTICE IN FAILING TO GRANT THE MOTION TO DISMISS INDICTMENT FOR FAILURE TO SHOW JURISDICTION IN PURSUIT TO CRIM.R. 12(C)(2), AT THE HEARING HELD ON OCTOBER 29, 2010 ABOUT THE (2) FATALLY ENDORSED DEFECTIVE INDICTMENTS ENDORSED (IMPROPERLY) BY THE [] COMPUTER PRINT OUT OF THE WORDS "A TRUE BILL", ON IT'S FACE MR. PAYNE PROVED TO TRIAL COURT BY LAW. (sic)

{¶5} In his sole assignment of error, Payne contends that the trial court erred in denying his motion to dismiss the indictment. This Court disagrees.

{¶6} In support of his assignment of error, Payne argues that because the words "A TRUE BILL" were preprinted on the indictment form instead of handwritten by the grand jury foreperson, the form had no legal effect and should have been dismissed prior to trial. Payne points to the judgment of the Franklin County Court of Common Pleas in *Kennedy v. Alvis*, 76 Ohio Law Abs. 132 (C.P.1957), for the proposition that, without the signature of the foreperson to the endorsement of "a true bill," there is no certification that the indictment was found as

provided by Ohio law and the paper writing which purports to be the indictment has no legal effect.

{¶7}   R.C. 2939.20 states, "At least twelve of the grand jurors must concur in the finding of an indictment.  When so found, the foreman shall indorse on such indictment the words 'A true bill' and subscribe his name as foreman."  In *Ruch v. State*, 111 Ohio St. 580, 585 (1924), the Supreme Court of Ohio confronted a scenario similar to the instant matter where a defendant challenged the validity of his indictment where the words "A true bill" were printed on the back of the indictment and the grand jury foreperson "merely signed his name thereto."  The challenge arose under a previously enacted statutory provision which contained language identical to the second clause in R.C. 2939.20.  While the Supreme Court recognized the existence of a formal requirement that the foreperson endorse the indictment "A true bill," it noted that the requirement was "exceedingly technical [in] nature, and it is difficult to see how in any event the defendant has been prejudiced[.]"  *Id*.  The Supreme Court concluded that "It is a sufficient compliance with [the] statutory requirement that the indictment have the words 'A true bill' printed thereon, and that the foreman of the grand jury subscribe his name thereto as foreman."  *Id*. at syllabus.  *See also Payne v. Jeffreys*, 109 Ohio St.3d 239, 2006-Ohio-2288, ¶ 6 (noting that R.C. 2939.20 was satisfied where the words "a true bill" were preprinted on an indictment form and the grand jury foreperson subscribed his name under that endorsement.).

{¶8}   In this case, the trial court properly denied Payne's motion to dismiss the indictment.  While Payne relies on the *Kennedy* decision in support of his argument, we note the circumstances in this case are distinguishable from the facts in *Kennedy* where the grand jury foreperson had never signed the indictment.  A review of the record in this case reveals that, while the words "A TRUE BILL" were preprinted on both the original indictment and the

supplement to the indictment, the grand jury foreperson subscribed his signature next to each respective endorsement. In accordance with the Supreme Court's holding in *Ruch*, this certification of the indictment by the foreperson was sufficient to indicate that the grand jury had returned a true bill pursuant to R.C. 2939.20.

{¶9} Payne's assignment of error is overruled.

### III.

{¶10} Payne's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
<u>CONCUR</u>


<u>APPEARANCES</u>:

MICHAEL PAYNE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.