[Cite as *State v. Payne*, 2020-Ohio-4804.]

STATE OF OHIO      )           IN THE COURT OF APPEALS
                         )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT      )

STATE OF OHIO                          C.A. No.      29714

     Appellee

     v.                                    APPEAL FROM JUDGMENT
                                        ENTERED IN THE
MICHAEL A. PAYNE                 COURT OF COMMON PLEAS
                                         COUNTY OF SUMMIT, OHIO
     Appellant                        CASE No.      CR 10 09 2482

DECISION AND JOURNAL ENTRY

Dated: October 7, 2020

CALLAHAN, Presiding Judge.

{¶1} Appellant, Michael A. Payne, appeals an order of the Summit County Court of Common Pleas that denied his "Motion to Vacate Judg[]ment for Lack of Jurisdiction[.]" This Court affirms.

I.

{¶2} In 2010, a jury found Mr. Payne guilty of felonious assault, domestic violence, and violating a protection order. On January 24, 2011, the trial court sentenced him to prison terms totaling thirteen years. Mr. Payne appealed, arguing that the trial court erred by denying his motion to dismiss the indictment because the words "a true bill" were not handwritten by the jury foreman. *State v. Payne*, 9th Dist. Summit No. 25825, 2012-Ohio-1334, ¶ 5-7. This Court affirmed his conviction. *Id*. at ¶ 10.

{¶3} On August 21, 2017, Mr. Payne filed a document titled "Post Conviction Relief—Structu[r]al Error—Void Sentence in Violation of Crim.R. 5(B)," arguing that he was deprived of

his right to a preliminary hearing by virtue of his direct indictment. The trial court denied that motion, concluding that it was an untimely petition for postconviction relief or, in the alternative, that it was barred by res judicata. On February 18, 2020, Mr. Payne filed the "Motion to Vacate Judg[]ment for Lack of Jurisdiction" that is at issue in this appeal. In that motion, he appeared to reargue the error asserted in his direct appeal, framed as an issue of subject matter or personal jurisdiction. On March 5, 2020, the trial court denied the motion, concluding that it was an untimely petition for postconviction relief or, in the alternative, that Mr. Payne's arguments were barred by res judicata.

{¶4}    Mr. Payne filed this appeal.

II.

**ASSIGNMENT OF ERROR NO. 1**

[THE] TRIAL COURT ERR[ED] BY DENYING THE MOTION TO VACATE JUDG[]MENT FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER OF OFFENSES AND FOR LACK OF JURISDICTION OVER THE PERSON FILED FEBRUARY 18, 2020.

**ASSIGNMENT OF ERROR NO. 2**

[THE] TRIAL COURT VIOLATED APPELLANT['S]/ DEFENDANT['S] OHIO CONSTITUTIONAL RIGHTS & UNITED STATES CONSTITUTIONAL AMENDMENTS BY DENYING THE MOTION TO VACATE JUDG[]MENT FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER OF OFFENSE AND FOR LACK OF JURISDICTION OVER THE PERSON FILED FEBRUARY 18, 2020.

{¶5}    Mr. Payne's two assignments of error argue that the trial court erred by denying his "Motion to Vacate Judg[]ment for Lack of Jurisdiction." This Court does not agree.

{¶6}    This Court must first consider the nature of the motion at issue in this appeal. R.C. 2953.21(A)(1)(a) provides:

Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the

person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

This Court may construe an irregular motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. "A vaguely titled motion, including a motion to correct or vacate a judgment or sentence," may be treated as a petition for postconviction relief under R.C. 2953.21(A)(1) when the motion was filed after a direct appeal, alleged a denial of constitutional rights, sought to render the judgment void or voidable, and requested that the judgment and sentence be vacated. *State v. Davis*, 9th Dist. Medina No. 15CA0004-M, 2015-Ohio-5182, ¶ 6, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997); R.C. 2953.21(A)(1)(a). This Court has characterized similar motions as petitions for postconviction relief. *See*, *e.g.*, *State v. Walker*, 9th Dist. Summit No. 29151, 2019-Ohio-605, ¶ 7. Mr. Payne's motion is appropriately considered to be a petition for postconviction relief.

{¶7} R.C. 2953.21(A)(2)[1] provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal or, if no direct appeal is taken, within 365 days of the expiration of the time for filing an appeal. The transcript in Mr. Payne's direct appeal was filed on April 20, 2011. Consequently, he had until April 19, 2012, to petition for postconviction relief.[2] Mr. Payne filed his petition on February 18, 2020, almost eight

---

[1] Mr. Payne filed his petition on February 18, 2020, so the current versions of the postconviction statutes apply in this case. *See State v. Stephens*, 9th Dist. Summit No. 27957, 2016-Ohio-4942, ¶ 6. *See also State v. McManaway*, 4th Dist. Hocking No. 16CA8, 2016-Ohio-7470, ¶ 11 (explaining that "the triggering event is the filing of the postconviction petition, which determines the applicable version of the statute.").

[2] The year 2012 was a leap year.

years after that deadline passed. In addition, "R.C. 2953.23(A) allows a prisoner to file only one postconviction petition in most situations." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 21. Mr. Payne's current petition also represents at least the third that he has filed. Mr. Payne's petition, therefore, is both untimely and successive. *See Id.* at ¶ 21.

{¶8} "R.C. 2953.23(A) permits a prisoner to file an untimely, successive petition for postconviction relief only under specific, limited circumstances." *Id.* at ¶ 22. A trial court may only entertain an untimely or successive petition for postconviction relief when:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

R.C. 2953.23(A)(1)(a). A petitioner, other than one who challenges a sentence of death, must also demonstrate by clear and convincing evidence "that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(b). When the requirements of R.C. 2953.23(A)(1) have not been met, a trial court cannot consider an untimely or successive petition. *See Apanovitch* at ¶ 36.

{¶9} Mr. Payne's petition did not explain why he was unavoidably prevented from discovering the facts upon which it was based, and it did not identify a retroactive right that has been recognized by the United States Supreme Court. *See* R.C. 2953.23(A)(1)(a). Because Mr. Payne has not satisfied that requirement, we conclude that the trial court could not consider his untimely and successive petition and need not address whether he has satisfied the requirements of R.C. 2953.23(A)(1)(b). *See Apanovitch* at ¶ 26.

{¶10} Mr. Payne's suggestion that his sentence is void does not change this result. A sentence is only void "when a sentencing court lacks jurisdiction over the subject-matter of the

case or personal jurisdiction over the accused." *State v. Harper*, Slip Opinion No. 2020-Ohio-2913, ¶ 42. Mr. Payne's argument is not properly characterized as one related to subject matter or personal jurisdiction. *See*, *e.g.*, *Payne v. Jeffreys*, 109 Ohio St.3d 239, 2006-Ohio-2288, ¶ 2-6; *State ex rel. Blanton v. Winters*, 6th Dist. Ottawa No. OT-12-001, 2012-Ohio-973, ¶ 8; *Pishok v. Kelly*, 11th Dist. Trumbull No. 2008-T-0093, 2009-Ohio-287, ¶ 15. Regardless, however, this Court has previously considered and rejected the merits of Mr. Payne's arguments in his direct appeal. *See Payne*, 2012-Ohio-1334, at ¶ 5-9. *Compare Payne*, 2006-Ohio-2288, at ¶ 2-6. *See generally State v. Johnson*, 4th Dist. Highland No. 16CA26, 2017-Ohio-4213, ¶ 11, 22 (affirming the trial court's determination that, with respect to the appellant's successive postconviction motions, "'no' means no.").

{¶11} Mr. Payne's assignments of error are overruled.

III.

{¶12} Mr. Payne's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MICHAEL A. PAYNE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.